**E-FILED**
Tuesday, 08 July, 2008  04:48:42 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| ANDRE GRAY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No.  08-2128 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**GOVERNMENT'S MOTION TO DISMISS PETITIONER'S
MOTION UNDER 28 U.S.C. § 2255**

The United States of America, by its attorneys, Rodger A. Heaton, United States

Attorney for the Central District of Illinois, and Timothy A. Bass, Assistant United

States Attorney, respectfully submits its motion to dismiss petitioner's motion under 28

U.S.C. § 2255. The government respectfully states the following:

**FACTS/PROCEDURAL HISTORY**

1.      On January 17, 2007, the petitioner was charged in a three-count

indictment with two counts of possession of cocaine with the intent to distribute it, in

violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Counts 1 and 2), and one count of

possession of a firearm in furtherance of a drug trafficking crime, in violation of 18

U.S.C. § 924(c) (Count 3).

2.      On June 5, 2007, the petitioner pleaded guilty to all charges contained in

the indictment pursuant to a written plea agreement. Paragraph 29 of the plea

agreement provided:

The defendant also understands that he has a right to attack his sentence collaterally on the grounds it was imposed in violation of the Constitution or laws of the United States, he received ineffective assistance from his attorneys, this Court was without proper jurisdiction or the sentence was otherwise subject to collateral attack.  The defendant understands such an attack is usually brought through a motion pursuant to Title 28, United States Code, Section 2255. The defendant and his attorney have reviewed Section 2255, and the defendant understands the rights that statute gives him. The defendant's attorney has fully discussed and explained this waiver with the defendant.  The defendant specifically acknowledges that the decision to waive the right to challenge any later claim of the ineffectiveness of the defendant's counsel was made by the defendant alone notwithstanding any advice the defendant may or may not have received from the defendant's attorney regarding this right. Regardless of any advice his attorney has given him one way or the other, in exchange for the concessions made by the United States in this Plea Agreement, specifically including the opportunity to cooperate with the United States and possibly provide sufficient substantial assistance to induce a motion for a downward departure as set forth above, the defendant hereby knowingly and voluntarily waives his right to challenge any and all issues relating to his plea agreement, conviction and sentence, including any fine or restitution, in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255. The defendant acknowledges and agrees that the effect of this waiver is to completely waive any and all rights and ability to appeal or collaterally attack any issues relating to his conviction and to his sentence so long as the sentence is within the maximum provided in the statutes of conviction.

3.     On October 17, 2007, this Court sentenced the petitioner to 7 months of imprisonment on Counts 1 and 2, to be served concurrently, and 60 months of imprisonment on Count 3, to be served consecutively, 3 years of supervised release on Counts 1 and 2, 5 years of supervised release on Count 3, all to be served concurrently, and a $300 special assessment. The sentences were within the maximum provided for in the applicable statutes.

4.     On June 9, 2008, the petitioner filed the instant motion under 28 U.S.C. § 2255.

2

## ARGUMENT

5.      It is well established in this Circuit that a "plea agreement that also waives the right to file a § 2255 motion is generally enforceable unless the waiver was involuntary or counsel was ineffective in negotiating the agreement." <u>Bridgeman v. United States</u>, 229 F.3d 589, 591 (7th Cir. 2000); <u>Mason v. United States</u>, 211 F.3d 1065, 1069 (7th Cir. 2000); <u>Jones v. United States</u>, 167 F.3d 1142, 1145 (7th Cir. 1999). In other words, "the right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver." <u>Jones</u>, 167 F.3d at 1145.

6.      In this case, the petitioner has filed a § 2255 motion, in which he challenges his sentence. He does not attack, or even mention, his plea agreement or assert any defect in the negotiation of his waiver of the right to file a § 2255 motion. Given that the petitioner has waived "his right to challenge any and all issues relating to his plea agreement, conviction and sentence," and does not assert any claim that survives this waiver, the government respectfully requests that his motion be dismissed.[1]

---

[1] The petitioner should note that the filing of the motion despite a waiver of the right to do so is itself a violation of the plea agreement, <u>United States v. Whitlow</u>, 287 F.3d 638, 640 (7th Cir. 2002); <u>United States v. Hare</u>, 269 F.3d 859, 862 (7th Cir. 2001), which can result in "steps that can increase the sentence." <u>Whitlow</u>, 287 F.3d at 639-41.

WHEREFORE, the United States of America respectfully requests that the petitioner's motion be dismissed.

                         Respectfully submitted,

                         RODGER A. HEATON
                         UNITED STATES ATTORNEY

BY:    s/Timothy A. Bass
        TIMOTHY A. BASS, Bar No. MO 45344
        Assistant United States Attorney
        United States Attorney's Office
        318 S. Sixth Street
        Springfield, IL 62701
        Phone:  217/492-4450
        Fax: 217/492-4512
        tim.bass@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of July 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and mailed a copy of the foregoing to:

Andre Gray
Inmate No. 14712-026
Forrest City FCI
Inmate Mail/Parcels
P.O. Box 9000
Forrest City, AR 72336

s/Timothy A. Bass
TIMOTHY A. BASS, Bar No. MO 45344
Assistant United States Attorney
318 S. Sixth Street
Springfield, IL 62701
Phone: 217/492-4450
Fax: 217/492-4512
tim.bass@usdoj.gov

5