UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| ANDRE GREY,            )<br>                                        )<br>        Petitioner,    )<br>    v.                              )        Case No. 08-CV-2128<br>                                        )<br>UNITED STATES OF AMERICA, )<br>                                        )<br>        Respondent.   ) | |

**OPINION**

This case is before the court for ruling on Respondent's Motion to Dismiss Petitioner's Motion under 28 U.S.C. § 2255 (#3). For the reasons that follow, Respondent's Motion (#3) is GRANTED.

BACKGROUND

On January 17, 2007, Petitioner, Andre Grey, was charged in a three-count indictment with two counts of possession of cocaine with the intent to distribute it, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Counts 1 and 2), and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count 3). On June 5, 2007, Petitioner pled guilty to all charges contained in the indictment pursuant to a written plea agreement. Included in the plea agreement were paragraphs concerning Petitioner's waiver of his right to collaterally attack the plea. That paragraphs stated:

WAIVER OF RIGHT TO COLLATERAL ATTACK

29.  The defendant also understands that he has a right to attack his

sentence collaterally on the grounds it was imposed in violation of the Constitution or laws of the United States, he received ineffective assistance from his attorney, this Court was without proper jurisdiction or the sentence was otherwise subject to collateral attack. The defendant understands such an attack is usually brought through a motion pursuant to Title 28, United States Code, Section 2255. The defendant and his attorney have reviewed Section 2255, and the defendant understands the rights that statute gives him. The defendant's attorney has fully discussed and explained this waiver with the defendant. The defendant specifically acknowledges that the decision to waive the right to challenge any later claim of the ineffectiveness of the defendant's counsel was made by the defendant alone notwithstanding any advice the defendant may or may not have received from the defendant's attorney regarding this right. Regardless of any advice his attorney has given him one way or the other, in exchange for the concessions made by the United States in this Plea Agreement, specifically including the opportunity to cooperate with the United States and possibly provide sufficient substantial assistance to induce a motion for a downward departure as set forth above, <u>the defendant hereby knowingly and voluntarily waives his right to challenge any and all issues relating to his plea agreement, conviction and sentence, including any fine or restitution, in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255. The defendant acknowledges and agrees that the effect of this waiver is to completely waive any and all rights and ability to appeal or collaterally attack any issues relating to his conviction and to his sentence so long as the sentence is within the maximum</u>

provided in the statutes of conviction. (Emphasis added.)

ACKNOWLEDGEMENT OF VOLUNTARINESS OF WAIVER

30. The defendant states that he has not been coerced, threatened, intimidated, or in any other way involuntarily persuaded to waive his rights to appeal or collaterally attack his sentence by his attorney or anyone else. The defendant is waiving those rights because he personally believes it is in his best interest to do so in order to obtain the benefit of the concessions made by the United States in this agreement. The defendant understands the United States is unwilling to make some of those concessions unless he is willing to waive his rights to appeal or collaterally attack his sentence as part of the bargain. The defendant asks the Court to accept this waiver so he can receive the full benefit of this agreement. (Emphasis in original.)

The written plea agreement also contained the following statements:

37. Defendant

I have read the entire Plea Agreement carefully and have discussed it fully with my attorney. I fully understand this agreement and accept and agree to it without reservation, including the paragraphs labeled "Waiver of Right to Appeal" and "Waiver of Right to Collateral Attack."

I am entering into this agreement voluntarily and of my own free will in order to gain the benefit of the promises made by the United States. I am pleading guilty because I am in fact guilty, and I agree that the facts stated in this agreement about my criminal conduct are true. No threats, promises, or commitments have been made to me or to anyone else, and no agreements have been reached, express

or implied, to influence me to plead guilty other than those stated in this written plea agreement nor am I under the influence of anything that could impede my ability to understand fully this Plea Agreement.

I am satisfied with the legal services provided by my attorney in connection with this case, this Plea Agreement and matters related to it. I further understand that by signing below I am stating I agree with everything stated in this section of the Plea Agreement and I am accepting and entering into this Plea Agreement in its entirety.

I hereby reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement."

Petitioner signed the written plea agreement on June 5, 2007, and following the guilty plea hearing held on that date, this court accepted Petitioner's plea of guilty.

On October 17, 2007, Petitioner was sentenced by this court to 7 months each in prison on Counts 1 and 2 to run concurrently, and to 60 months in prison on Count 3, to run consecutive to Counts 1 and 2, for a total of 67 months in the Bureau of Prisons.

On June 9, 2008, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence (#1), alleging that his attorney was ineffective because he failed to fully investigate, procure, prepare, and present mitigating evidence at Petitioner's sentencing. Petitioner alleged that it was his understanding, and the express statement of the Plea Agreement, that he would be considered for a reduced sentence as to Count 3 in exchange for his cooperation. Petitioner alleged that his attorney knew his reduced sentence was dependent on evidence of his cooperation, and that his attorney made no attempt to investigate or present any information showing Petitioner's

cooperation to the government. Petitioner alleged that prior to sentencing, he provided his attorney relevant information to be passed to the government, but that his attorney said the government would not return his phone calls on the subject. Petitioner also alleged that his attorney lied to him about passing on to the government a list of information evidencing his cooperation.

On July 8, 2008, Respondent United States of America filed a motion to dismiss Petitioner's § 2255 motion (#3), contending that he waived his right to collaterally attack his plea in the Plea Agreement of June 5, 2007. Petitioner has not responded to Respondent's motion to dismiss.

## ANALYSIS

Petitioner filed his Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (#1) on June 9, 2008. This court agrees with Respondent that Petitioner had waived his right to pursue relief under 28 U.S.C. § 2255. Accordingly, this court further agrees that Petitioner's Motion must be dismissed.

The Seventh Circuit has stated that it strictly enforces waivers of the right to challenge a sentence included in the plea agreement. See United States v. Cieslowski, 410 F.3d 353, 364 (7th Cir. 2005); see also United States v. Bownes, 405 F.3d 634, 636 (7th Cir. 2005). In the Seventh Circuit, a defendant who, as part of a written plea agreement, expressly waives the right to file a § 2255 motion challenging his sentence may only file such a motion if he can demonstrate that the § 2255 waiver was either unknowing or involuntary or the result of the ineffective assistance of counsel. Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000); Jones v. United States, 167 F.3d 1142, 1145 (7th Cir. 1999); United States v. Robinson, 2006 WL 2457520, at *3 (C.D. Ill. 2006). "[T]he right to mount a collateral attack pursuant to § 2255 survives only with respect to

those discrete claims which relate directly to the negotiation of the waiver." Jones, 167 F.3d at 1145; see also Reed v. United States, 2005 WL 1528371, at *2 (N.D. Ill. 2005). In this case, Petitioner has not raised any claims related directly to the waiver or its negotiation. See Roberts, 2006 WL 2457520, at *3.

Instead, Petitioner has argued that his counsel was ineffective for failing to pass on information evidencing Petitioner's desire to cooperate with the government and thereby receive a reduced sentence. The fact that Petitioner is upset with his attorney's actions following the Plea Agreement and at sentencing regarding his level of cooperation with the government does nothing to change the fact that he waived his right to collaterally attack his sentence in the Plea Agreement. Petitioner has not alleged any ineffectiveness of counsel during the actual negotiations of the Agreement itself or the negotiation of the waiver. Therefore, Petitioner's motion under § 2255 is barred by his waiver and must be dismissed. See Robinson, 2006 WL 2457520, at *4.

IT IS THEREFORE ORDERED THAT:

(1) Respondent's Motion to Dismiss is GRANTED.

(2) Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (#1) is dismissed as barred by the waiver in his written Plea Agreement.

(3) This case is terminated.

ENTERED this 18th day of August, 2008

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE